# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | CASE No. | 18-50052 (JAM) |
| OLEGNA FUSCHI-AIBEL, | CHAPTER | 11 |
| DEBTOR. | | |
| OLEGNA FUSCHI-AIBEL, | Adv. Pro. No. | 18-05013 |
| PLAINTIFF, | ECF Nos. | 4, 5 |
| v. | | |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. F/K/A THE BANK OF NEW YORK TRUST COMPNAY, N.A. AS TRUSTEE IN TRUST FOR AND THE BENEFIT OF THE CERTIFICATE HOLDERS OF MULTI-CLASS MORTGAGE PASS-THROUGH CERTIFICATES CHASEFLEX TRUST, SERIES 2007-2; | | |
| & | | |
| SELECT PORTFOLIO SERVICING, INC., | | |
| DEFENDANTS. | | |

## **Appearances**

Olegna Fuschi-Aibel  
*Pro Se* Plaintiff

Stephen I. Hansen  
*Attorney for Defendants*  
Eckert Seamans Cherin & Mellott LLC  
Two International Place, 16th Floor  
Boston, MA 02110  
Phone: 617-342-6800  
Email: shansen@eckertseamans.com

**MEMORANDUM OF DECISION ON MOTION TO DISMISS**

I. **Introduction**

On January 18, 2018 (the "Petition Date"), Olegna Fuschi-Aibel (the "Plaintiff"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On March 20, 2018, the Plaintiff filed a one-page Complaint (the "Complaint," Adv. Pr. No. 1), for "the turnover of property and monetary damages commensurate with the losses suffered." Complaint, 1. On April 20, 2018, The Bank of New York Mellon Trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A., as Trustee in Trust for and for the Benefit of the Certificateholders of Multi-Class Mortgage Pass-Through Certificates Chaseflex Trust, Series 2007-2 (the "Trust"), and Select Portfolio Servicing, Inc. ("SPS") (together, the "Defendants") filed a Motion to Dismiss Complaint Pursuant to Rule 12(b)(6), and a Memorandum in Support of the Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) (together, the "Motion to Dismiss," ECF Nos. 4 and 5). On May 11, 2018, the Plaintiff filed a Response to Defendants' Motion to Dismiss (the "Response," ECF No. 6). On May 22, 2018, a Pretrial Conference was held, and the Court stated it would decide by June 8, 2018 whether or not oral arguments on the Motion to Dismiss are necessary.

After reviewing all relevant submissions by the parties, finding that oral argument on the issues is not necessary, and for the reasons set forth below, the Motion to Dismiss is hereby GRANTED.

II. **Jurisdiction**

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This adversary

proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

### III. Standard

#### A. *Federal Rule of Civil Procedure 12(b)(6)-failure to state a claim upon which relief can be granted*

Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable in bankruptcy proceedings through Bankruptcy Rule 7012(b). *See* Fed. R. Bankr. P. 7012(b). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a pleading must contain a short, plain statement of the claim showing the pleader is entitled to relief,[1] and a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)). A pleading cannot merely recite the elements of a cause of action, nor "tender[] naked assertion[s] devoid of further factual enhancement." *Id.*

In *Iqbal*, the United States Supreme Court described a two-step analysis to evaluate the sufficiency of a complaint. First, all allegations contained in the complaint, except legal conclusions or "naked assertions," must be accepted as true, and second, the complaint must state a plausible claim for relief. *Id.* at 678-79. "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Sagarino*, No. 16-21218 (JJT), 2017 WL 3865625, at *2 (Bankr. D. Conn. Aug. 29, 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). Determining the plausibility of a claim for relief is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### IV. Facts Alleged in the Complaint

The Complaint states the following:

---

[1] Fed. R. Civ. P. 8(a)(2).

3

> Plaintiff, Olegna Fuschi Aibel, is a resident of High Point on Hudson since 1962 and a shareholder since 1982.
> 1. The charges against the Defendants include:
> 2. Predatory lending practices
> 3. Repeatedly: scheduling foreclosure sales w/completed refinancing papers
> 4. Holding foreclosure sale with Steven J. Baum, disgraced attorney, during 90 2009-2010 moratorium, which led to Chapter 13 filing.
> 5. Cited by Independent Foreclosure Review: Payment received with filing recommendation.
>
> I am seeking the turnover of property and monetary damages commensurate with the losses suffered.

Complaint, 1 (the Complaint's text is included in its entirety due to its brevity). Attached to the complaint are two exhibits. Exhibit A is a Letter to a Ms. Estefania Cuenca seeking advice regarding a Home Retention Program and attaching two documents that purportedly provided the Plaintiff until April 12, 2018 to complete an application for "Home Retention." The letter accuses Ms. Cuenca of planning to sell the Plaintiff's home on June 22 [2018] even though the Plaintiff had not finished her application. Exhibit A is not dated. The documents attached to Exhibit A appear to be printouts of the Plaintiff's SPS account profile. Exhibit B.1, B.2, and B.3 are similarly undated, and appear to be the online application for a Request for Mortgage Assistance through SPS. Exhibit B.3 is unreadable.

Although pursuant to *Iqbal* and other controlling case law, the Court must accept the facts in a Complaint as true for the purposes of the Motion to Dismiss, the Complaint here yields only the following which can be interpreted as facts:

1. The Plaintiff is a resident of High Point on Hudson since 1962. Complaint, 1.

2. The Plaintiff has been a shareholder of High Point on Hudson since 1982. *Id.*

**V.     Analysis**

Although the Plaintiff is *pro se*, and her pleadings are therefore held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the

Complaint is disorganized, confusing, and does not state any facts that relate to a cause of action. The Complaint falls far short of the pleading standard set out *Iqbal* and *Twombly*, and does not contain enough factual matter to state a claim to relief, much less one that is plausible on its face.

VI.    **Conclusion**

For the reasons set forth above, it is hereby

**ORDERED:** Pursuant to Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012, the Defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED:** Pursuant to Fed. R. Civ. P. 15 and Fed. R. Bankr. P. 7015, the Plaintiff has until September 14, 2018 to file an Amended Complaint, which, if filed, must meet the pleading standard set out in Fed. R. Civ. P. 8.  *See*, *e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Dated at Bridgeport, Connecticut this 16th day of August, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut