**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 18-50052 (JAM) |
| OLEGNA FUSCHI-AIBEL, | ) | CHAPTER | 11 |
| DEBTOR. | ) | | |
| OLEGNA FUSCHI-AIBEL, | ) | Adv. Pro. No. | 18-05013 |
| PLAINTIFF, | ) | ECF No. | 16 |
| v. | ) | | |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. F/K/A THE BANK OF NEW YORK TRUST COMPANY, N.A. AS TRUSTEE IN TRUST FOR AND THE BENEFIT OF THE CERTIFICATE HOLDERS OF MULTI-CLASS MORTGAGE PASS-THROUGH CERTIFICATES CHASEFLEX TRUST, SERIES 2007-2; | ) | | |
| & | ) | | |
| SELECT PORTFOLIO SERVICING, INC., | ) | | |
| DEFENDANTS. | ) | | |

**MEMORANDUM OF DECISION ON MOTION TO DISMISS**

**I.    Introduction**

On January 18, 2018 (the "Petition Date"), Olegna Fuschi-Aibel (the "Plaintiff"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On March 20, 2018, the Plaintiff

filed an adversary complaint (the "Complaint"), against The Bank of New York Mellon Trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A., as Trustee in Trust for and for the Benefit of the Certificate holders of Multi-Class Mortgage Pass-Through Certificates Chaseflex Trust, Series 2007-2 (the "Bank of New York as Trustee"), and Select Portfolio Servicing, Inc. ("SPS"), (collectively, the "Defendants").  On April 20, 2018, the Defendants filed a Motion to Dismiss Complaint pursuant to Rule 12(b)(6), which was granted, but provided leave to the Plaintiff to file an amended complaint.  On September 14, 2018, the Plaintiff filed a First Amended Complaint (the "Amended Complaint," ECF No. 12).  On October 19, 2018, the Defendants filed a Motion to Dismiss the Amended Complaint (the "Motion to Dismiss the Amended Complaint," ECF No. 16).  The Plaintiff filed an Objection to the Motion to Dismiss the Amended Complaint on November 6, 2018 (the "Objection," ECF No. 17).  On March 13, 2019, a hearing was held on the Motion to Dismiss the Amended Complaint and the Objection.

After reviewing the Motion to Dismiss, the Amended Complaint, the Objection, the record in this case, and all relevant submissions by the parties, and upon finding that oral argument on the Motion to Dismiss the Amended Complaint, the Objection, and all related documents is not necessary, for the reasons set forth below, the Motion to Dismiss is **GRANTED**.

**II.    Jurisdiction**

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).  The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

III. **Standard**

   *Federal Rule of Civil Procedure 12(b)(6)-failure to state a claim upon which relief can be granted*

Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable in bankruptcy proceedings through Bankruptcy Rule 7012(b). *See* Fed. R. Bankr. P. 7012(b). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a pleading must contain a short, plain statement of the claim showing the pleader is entitled to relief,[1] and a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)). A pleading cannot merely recite the elements of a cause of action, nor "tender[] naked assertion[s] devoid of further factual enhancement." *Id.*

In *Iqbal*, the United States Supreme Court described a two-step analysis to evaluate the sufficiency of a complaint in the context of a Motion to Dismiss. First, all allegations contained in the complaint, except legal conclusions or "naked assertions," must be accepted as true, and second, the complaint must state a plausible claim for relief. *Id.* at 678-79. "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Sagarino*, No. 16-21218 (JJT), 2017 WL 3865625, at *2 (Bankr. D. Conn. Aug. 29, 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). Determining the plausibility of a claim for relief is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

IV. **Facts Alleged in the Amended Complaint**

The Amended Complaint consists of nine unnumbered paragraphs and a prayer for relief.

---

[1] Fed. R. Civ. P. 8(a)(2).

The first three paragraphs of the Amended Complaint concern foreclosure efforts made by JPMorgan Chase and an attorney, Steven J. Baum (neither of whom are the Defendants in this action) and allege that the foreclosure efforts were improper or illegal.  The fourth paragraph alleges that more than $500,000.00 worth of interest and charges have accrued on the Plaintiff's mortgage account after the financial crisis of 2008.  The fifth paragraph describes the extent of fines levied against JP Morgan Chase.  The sixth paragraph identifies SPS as the servicer of the Plaintiff's mortgage.  The seventh paragraph describes the Plaintiff's unsuccessful efforts to enter into a loan modification agreement.  The final two paragraphs describe a number of foreclosure sale dates that were continued, except for the foreclosure date scheduled closest to the filing of the petition, which the Plaintiff states SPS refused to reschedule despite her requests.  The Prayer for Relief requests that judgment enter against the Defendants "[a]warding such damages as will compensate [the Plaintiff] fully for the loss of her home of over 50 years, actual damages, punitive damages, injunctive relief and such other relief as may be just and proper." (Amended Complaint at p.4).

      Several exhibits are attached to the Amended Complaint, several out of order.  Exhibit A is a letter from a payment agent, Rust Trust, dated July 15, 2013.  The letter explains the Plaintiff's receipt of a check from JP Morgan Chase in connection to JP Morgan Chase's agreement with federal regulators regarding an enforcement action against it for deficient mortgage servicing and foreclosure processes. Exhibit B is an article entitled "A.G. Schneiderman announces $4 Million Settlement with New York Foreclosure Law Firm Steven J. Baum P.C. and Pillar Processing LLC."  Exhibit C is a copy of a law firm blog post entitled "JP Morgan Chase Fined, Again, for Defective Foreclosures."  Exhibit D appears to be a portion of a complaint against Steven J. Baum and Steven J. Baum P.C., beginning with paragraph 16 of the

complaint. The identity of the plaintiff(s) in that action is unclear, as well as in what court or jurisdiction the complaint was filed. Exhibit F (which appears before Exhibit E), includes three documents. The first appears to be the introductory paragraphs of the partial complaint in Exhibit D. The complaint is a First Amended Class Action Complaint in the United States District Court in the Eastern District of New York against Steven J. Baum and Steven J. Baum P.C. The disposition of the complaint is unclear. The second is a letter from the Plaintiff to a Mr. Harewood. The third is what appears to be an academic article with a publication date of October 2016 entitled "Ethical Issues in Mortgage Foreclosures," with markings and notations directing the reader to the portions related to the Steven J. Baum Firm.

Exhibit E is an invoice addressed to the Plaintiff for $81,966.24 from Steven J. Baum P.C. on behalf of "Chase" and dated on February 3, 2011. There is no Exhibit G, although there is a reference to Exhibit G in the Amended Complaint. Exhibit H is comprised of three undated documents; (i) a photograph of a search result for Select Portfolio Servicing that indicates that the "search yielded more than 5,400 results"; (ii) a print out of consumer complaints against SPS on an unidentified website; and (iii) two images of what appear to be SPS's webpage that has information regarding Requests for Mortgage Assistance. The images of SPS's webpage have markings and notations directing attention to the deadline to update information in any unsubmitted Request for Mortgage Assistance forms. Exhibit I is a printout of the New York Times website on a page entitled "Tracking the JP Morgan investigations." The publication date is unclear. Exhibit J consists of two documents. The first document is a Consent Order from the United States Department of Treasury Comptroller of the Currency, styled *In the Matter of JPMorgan Chase N.A., Columbus Ohio* AA-EC-14-100 dated November 11, 2014, and the second document is a Stipulation and Consent to the Issuance of a Consent Order in the same

action, also dated November 11, 2014. Exhibit K is a press release posted on the United States Department of the Treasury's Office of the Comptroller of the Currency website dated January 7, 2014 and entitled "OCC Assesses a $350 Million Civil Money Penalty Against JP Morgan Chase for Bank Secrecy Act Violations." Exhibit L is a Mortgage Statement from SPS addressed to the Plaintiff, dated February 12, 2019. Exhibit M is the first two paragraphs of a news article published in the Washington Post on July 30, 2014 entitled "Struggling homeowners wait to get mortgage relief. And wait. And wait" and a table of "Homeowners who applied for HAMP with no Decision by Servicer as of 5/31/2014." Lastly, Exhibit N includes four documents. The first document is what appears to be a fax copy of the letter from the Plaintiff to a Mr. Harewood submitted in Exhibit D. The second document is a demand letter dated October 19, 2016 from Sheldon May & Associates, P.C. addressed to the Plaintiff on behalf of SPS regarding a default on a loan. The third document is a Notice of Public Sale of a Cooperative Apartment for unit 12BC of 2727 Palisades Ave, Bronx NY 10463. The last document is a Certificate of Compliance regarding the foreclosure action from Sheldon May and Associates, P.C.

Although pursuant to *Iqbal* and other controlling case law, the Court must accept the facts in a complaint as true for the purposes of the Motion to Dismiss, only the following can be interpreted as facts in the Amended Complaint:

1. The Plaintiff has been a resident of a property known as 2727 Palisade Ave., 12BC, since 1962. Amended Complaint, 2.
2. In 2009, JPMorgan Chase became a mortgage holder for the property known as 2727 Palisade Ave., 12BC. *Id.*
3. A foreclosure attorney named Stephen J. Baum participated in either a refinancing process or a foreclosure sale. *Id*.

4. New York is a judicial foreclosure state. *Id.*

5. JPMorgan Chase had $2.6 Billion to $13 Billion in various fines from the years 2011 to 2015. *Id.*

6. SPS was the servicer for mortgages held by JPMorgan Chase, including the Plaintiff's mortgage. *Id* at 3.

7. The Plaintiff attempted to refinance the loan with SPS but was unsuccessful because SPS found errors in each package submitted by the Plaintiff, requiring a new submission. *Id.*

8. Some number of foreclosure sales were scheduled and continued. *Id.*

9. A foreclosure sale was scheduled for January 22, 2018, and SPS did not agree to cancel the sale when the Plaintiff contacted SPS on January 18, 2018, the date of the instant bankruptcy petition filing. *Id.*

## V.    Analysis

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, at 106, (1976)); *see also Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) ("When considering motions to dismiss a *pro se* complaint such as this, courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].") *Chase v. Chase (In re Chase)*, 2018 Bankr. LEXIS 1291, *10 (Bankr. E.D.N.Y 2018) *citing Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (internal quotations omitted). Nevertheless, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Iwachiw v. N.Y.C. Bd. of Educ.*, 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Although the Plaintiff is *pro se*, and her pleadings are therefore held to a less stringent standard than those drafted by lawyers, the Amended Complaint is disorganized, confusing, and does not state facts that relate to any specific cause of action. While more verbose than the original complaint, the Amended Complaint falls far short of the pleading standard set out in *Iqbal* and *Twombly*. The Amended Complaint does not contain enough factual matter to state a claim upon relief that can be granted, much less one that is plausible on its face. The facts outlined above involve JP Morgan Chase, Steven J. Baum, Steven J. Baum P.C., and SPS. Only SPS is a Defendant in this adversary proceeding. No allegations in the Amended Complaint are made against Bank of New York as Trustee. While the word "illegal" is used repeatedly throughout the pleading, no specific cause of action is articulated regarding any parties, including the Defendants. Even if the Plaintiff had alleged facts to support a cause of action, the prayer for relief requests damages for the loss of property that currently remains in the Plaintiff's possession. The Plaintiff has failed for the second time to plead a cause of action against the Defendants.

**VI.    Conclusion**

For the reasons set forth above, it is hereby

**ORDERED:** Pursuant to Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012, the Defendants' Motion to Dismiss is **GRANTED** with prejudice.

Dated at Bridgeport, Connecticut this 12th day of April, 2019.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut